UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CR00739RWS |
| | ) | |
| BOBBY JAMES WILLIAMS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the pro se motions of Defendant Bobby James Williams, Jr. requesting termination of his retained counsel (Doc. #221) and appointment of counsel pursuant to 18 U.S.C. § 3006A (Doc. #220). Defendant's motions are grounded on his assertion that he and his retained counsel have had a breakdown in communication and have irreconcilable differences, giving rise to a "conflict of interest." The Court previously addressed these issues at a status conference on June 27, 2008. While Defendant and his counsel undertook at that time to attempt to resolve their differences, apparently those efforts were not successful. As such, to the extent Defendant seeks to terminate retained counsel and have new counsel appointed, Defendant's motions shall be granted. To the extent Defendant requests in his motion that retained counsel be ordered to itemize his hours of service and return to Defendant any funds paid, the Court states that these are private contractual matters between

1

Defendant and the counsel he elected to retain, and such request shall be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion Requesting Termination of Retained Counsel (Doc. #221) is **Granted** to the extent that Defendant requests termination of retained counsel. To the extent Defendant requests further relief relating to an itemization of the bill or the return of any retainer, Defendant's motion is **Denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's motion for appointment of counsel (Doc. #220) is **Granted**. Attorney Rodney H. Holmes has been appointed to represent Defendant.

**IT IS FURTHER ORDERED** that, in light of this Court's appointment of new counsel, Defendant shall have until **July 24, 2008**, to file any additional motions or waiver of motions. If defense counsel deems it appropriate, he may adopt and incorporate any pro se motion previously filed by Defendant. The government shall have until **July 31, 2008** to respond to any additional motions filed. The Court shall hold an evidentiary hearing on any additional motions on **Friday, August 1, 2008, at 3:00 p.m.** Defendant is required to attend.

**IT IS FURTHER ORDERED**, for the reasons discussed at the hearing on June 27, 2008, that to deny Defendant's request for time to work with counsel, obtain new counsel, and for new counsel to evaluate what, if any, additional motions should be filed, would deny

Defendant and his new counsel the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, and that the ends of justice served by granting Defendant additional time outweigh the best interest of the public and Defendant in a speedy trial, and therefore, the time granted to Defendant from June 27, 2008 through the date of the hearing on August 1, 2008, to work with counsel, obtain new counsel, and to investigate and prepare any additional pretrial motions or a waiver thereof, is excluded from computation of Defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(c)(1).

Dated this 15th day of July, 2008.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE